IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES RICHARD DUDLEY,**

    **Plaintiff,**

    v.                        CASE NO. 24-3177-JWL

**KANSAS DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff, James Richard Dudley, who is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff's Complaint is based on his dental care in 2021 that was the subject of his Case No. 23-3016-HLT-ADM. Plaintiff also raises claims about an anxiety attack and his placement in segregation in 2021. Plaintiff also claims that his phone, visits, and G.E.D. tablet were taken away on September 3, 2024. Plaintiff claims he was placed in segregation in retaliation for filing grievances in 2021 and for filing Case No. 23-3016. Plaintiff voluntarily dismissed Case No. 23-3016.

    Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Dudley v. Massey*, Case No. 08-3046, Doc. 9 (D. Kan. June 24, 2008) (dismissing

proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

---

for failure to state a claim); *Dudley v. Simon*, Case No. 21-3127, Doc. 6 (D. Kan. Aug. 16, 2021) (dismissing for failure to state a claim); *Dudley v. Warren*, Case No. 22-3188, Doc. 35 (D. Kan. March 27, 2023) (dismissing for failure to state a claim) .

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 8, 2024,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated October 8, 2024, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE