IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    **Plaintiff,**

    v.                                      CASE NO. 24-3177-JWL

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff, James Richard Dudley, who is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, brings this pro se civil rights case under 42 U.S.C. § 1983. On October 8, 2024, the Court entered a Memorandum and Order (Doc. 3) ("M&O") denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court granted Plaintiff until November 8, 2024, to submit the $405.00 filing fee. The Court granted Plaintiff's motion for an extension of time and extended the deadline to November 22, 2024. (Doc. 6.) The Court granted Plaintiff's second request for an extension of time and extended the deadline to November 29, 2024. (Doc. 17.) The Court's order provides that "the Court will not grant any additional extensions, and Plaintiff's failure to submit the fee by the new deadline will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 17, at 2.)

    Plaintiff has filed two notices to the Court (Docs. 10, 11), a motion for leave to proceed in forma pauperis (Doc. 12), a motion for temporary restraining order (Docs. 13, 14), and a declaration (Doc. 15). None of Plaintiff's filings show that he was in imminent danger of serious

physical injury when he filed his Complaint.[1]  Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)."  *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

 **IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 12, 13) are **denied.**

**IT IS SO ORDERED**.

**Dated December 2, 2024, in Kansas City, Kansas.**

                                     **S/ John W. Lungstrum**
                                     **JOHN W. LUNGSTRUM**
                                     **UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff's request for a temporary restraining order seeks "a normal cell with working phone, tablet, law library tablet, visitation, legal mail, mail, to restore Plaintiff's First Amendment right to unhindered access to the courts" and a report as to why Plaintiff is being held on more restrictive area status. (Doc. 13, at 1–2.)  Plaintiff also seeks proper dental care for a tooth that was broken four years ago. (Doc. 14, at 1.)  The Court noted in the M&O that Plaintiff's Complaint is based on his dental care in 2021 that was the subject of his Case No. 23-3016-HLT-ADM. Plaintiff voluntarily dismissed Case No. 23-3016.